In re John P. SLIDER, Debtor.

Vallie SLIDER, Plaintiff,

v.

John P. SLIDER and Henry Ray Pope, Trustee, Defendants.

Bankruptcy No. 94–10270.

Adv. No. 94–1146.

United States Bankruptcy Court, W.D. Pennsylvania.

Dec. 27, 1994.

Sharon Smith, Brookville, PA, for Vallie Slider.

John G. Achille, Brookville, PA, for John P. Slider.

## MEMORANDUM AND ORDER

WARREN W. BENTZ, Chief Judge.

Vallie Slider, ex-wife of John P. Slider, Debtor, filed the above adversary complaint against John P. Slider, Debtor, seeking a judgment order that $7,800 due to be paid by Debtor, pursuant to a "SEPARATION AGREEMENT," dated March 22, 1988, was unpaid and was alimony and therefore is not discharged under 11 U.S.C. § 523(a)(5). Plaintiff also seeks interest, court costs and attorney fees. The Debtor asserts that the amount due is a marital property settlement and is therefore discharged.

The pertinent part of the SEPARATION AGREEMENT is paragraph 2 which is as follows:

2. *Alimony.* The provisions for Wife as set forth in this Agreement are in full and complete satisfaction of any and all rights or claims of Wife for alimony. The provisions for Husband as set forth in this Agreement are in full and complete satisfaction of any and all rights or claims of Husband for alimony.

(A) The Husband shall pay the joint debts of the parties, including Equibank, (HUD), and he shall save the Wife harmless therefrom.

The "Equibank" loan referred to was the second mortgage on the marital residence.

Debtor filed an answer asserting that the SEPARATION AGREEMENT contained a waiver of alimony and that the agreement did not refer to the payments as "alimony." Debtor also asserts that even though the SEPARATION AGREEMENT obligated him to make the second mortgage payments and he defaulted, he owes nothing because the residence subject thereto was sold to avoid a mortgage foreclosure on the first mortgage, which was threatened because of Plaintiff's failure to make payments on the *first* mortgage, and that it is unlikely that Equibank, as holder of the second mortgage, would foreclose until the first mortgage was paid off.

Debtor further answers that the Plaintiff is owed nothing inasmuch as the Debtor's obligation to make the monthly payments on the mortgage is part of the equitable distribution of marital assets, and is therefore discharged.

The parties agree that pursuant to the SEPARATION AGREEMENT, the Debtor's interest in the house was transferred to Plaintiff, that the house was sold by the Plaintiff in order to avoid a mortgage fore-

closure, and that the sale proceeds were just sufficient to pay off both mortgages and taxes with no surplus. Debtor asserts that if Debtor had paid the mortgage payments as he was obligated to do under the SEPARATION AGREEMENT, then when Plaintiff sold the house, she would have had a windfall because the second mortgage balance would have been reduced; apparently, the Debtor's argument is that this tends to show that the mortgage payments were part of an equitable distribution of property.

We conclude, as indicated at the hearing, that the Debtor's obligations of paragraph 2 as above set forth were alimony payments.

Debtor requests that an evidentiary hearing be convened at which he would propose to show that the residence in question was sold by the Plaintiff for an amount greater than its value and that the payments to be made by the Debtor under the SEPARATION AGREEMENT would have been applied to the second mortgage and that if the house had been sold at a fair value (i.e., at a lower value), the second mortgageholder would simply not have been paid at that closing; hence, the Debtor asserts that the Plaintiff is not injured by the Debtor's failure to make the agreed payments. We agreed to allow such an evidentiary hearing, but on reconsideration, we deem any such evidence immaterial to the issue at hand.

There is no dispute as to the operative facts and the matter is ripe for decision.

We conclude that the obligation of the ex-husband (the Debtor here) to make monthly payments on the debt secured by a second mortgage on the residence of the ex-spouse is alimony or support and is therefore not dischargeable. There is no indication that the monthly payments by the ex-husband/Debtor were payments on account of

some marital asset being retained by him. Moreover, monthly payments on a residential mortgage are of the essence of support, since such payments contribute directly to the providing of shelter from the elements.

We also conclude that the placement of the mortgage obligation in paragraph 2 of the SETTLEMENT AGREEMENT, which paragraph relates to *"Alimony,"* must be construed to mean that the mortgage payment obligation was intended by the parties to be alimony.

### ORDER

After notice and hearing, and in accordance with the above Memorandum, it is ORDERED that the amount due to be paid by John P. Slider, Debtor, under paragraph 2 and 2(A) of the SEPARATION AGREEMENT between the Plaintiff and Defendant constitutes alimony, that the accumulated amount thereof is $7,800, that said amount has not been paid, and that judgment is hereby entered against Debtor in the amount of $7,800 as a nondischargeable debt; it is

FURTHER ORDERED that the Order of Discharge dated October 31, 1994 (and vacated by Order of November 4, 1994) shall be, and hereby is, reinstated, as modified by the within Order; it is

FURTHER ORDERED that the claims of both parties for counsel fees is refused.

Plaintiff is awarded taxable costs.[1]

---

1. Both parties urged this Court to make a determination as to whether the obligation in question was dischargeable or nondischargeable. We have done so. However, it seems to this Court that the SEPARATION AGREEMENT which provides by its terms that it is not merged into the divorce decree, is an agreement between the parties which the Court of Common Pleas can enforce. However, by the admissions of the parties, the husband-debtor defaulted in his obligation to make the payments on the second mortgage on the residence which residence was con-

veyed to the wife. It seems to us quite clear that the parties are under the misapprehension that the husband's bankruptcy *satisfies* his obligation and the only remaining question is "what are the wife's remaining rights under the SEPARATION AGREEMENT?" In fact and in law, however, even if the Bankruptcy Court were to hold that the husband's unpaid obligations are property settlement and therefore are discharged, the husband's obligations are not *satisfied*, the husband's obligations are *discharged*. The husband-debtor, not having paid the amounts due, is in

breach of the SEPARATION AGREEMENT even though he is in bankruptcy. Consequently, there is no basis for holding the wife to the agreement which the husband has now breached. Thus, it would seem appropriate that, even without the issuance of the above Bankruptcy Court Order, the wife could go back to the Common Pleas Court for an award of alimony, and that Court could make any alimony award it might deem appropriate, uninhibited by the Debtor's bankruptcy.